UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NADIRA A. PITTMAN,<br><br>       Plaintiff,<br><br> -against-<br><br>STATE OF GEORGIA,<br><br>       Defendant. | 24-CV-2892 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this *pro se* action against the State of Georgia alleging that government officials in Clayton County violated her rights. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues the State of Georgia for alleged violations of her federal rights at "Home work Supermarket, public p[laces"] in Clayton County.[1] (ECF 1 ¶ III.) Because it appears from the face of the complaint that Plaintiff's claims arose outside this district and involve parties who do not reside in this district, venue is not proper in this district under Section 1391(b)(1) or (2).

Where a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims allegedly arose in Clayton County, Georgia, which is in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Accordingly, venue lies in the Northern District of Georgia, Atlanta Division, 28 U.S.C. § 1391(b)(1), and the Court transfers this action, in the interest of justice, to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in this court.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge